# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

FILED

2006 JUL 27 AM II: 44

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN COURT
OF INDIANA DISTRICT

| | |
|---|---|
| CHRISTOPHER CREED | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAMILY EXPRESS CORPORATION | ) |
| | ) |
| Defendant. | ) |

Civil Action No.  3:06CV0465 RM

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Christopher Creed, by counsel, for his Complaint and Jury Trial Demand against Defendant Family Express Corporation, states as follows:

### JURISDICTION AND VENUE

1. This case arises out of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. (Title VII).

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 42 U.S.C. § 2000e-5(g).

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

### PARTIES

5. Plaintiff Christopher Creed (Plaintiff) is a citizen of the United States and at all times relevant to the allegations of this complaint was a resident of the State of Indiana residing in LaPorte County Indiana, within the territorial jurisdiction of this Court.

6.    At all relevant times Plaintiff was an "employee" within the meaning of Title VII.

7.    Defendant Family Express Corporation (Defendant) is a for-profit domestic corporation authorized and doing business within the territorial jurisdiction of this Court.

8.    At all relevant times Defendant has been an "employer" within the meaning of Title VII, and has continuously employed more than fifteen (15) employees.

9.    According the information maintained by the Indiana Secretary of State, Defendant's registered agent is Monique A. Horn, 1951 Morthland Dr., Valparaiso, Indiana 46385.

### ADMINISTRATIVE PROCEDURES

10.   On March 10, 2006, Plaintiff timely filed his charge of sex discrimination against Defendant with the Indianapolis District of the Equal Employment Opportunity Commission (EEOC). A copy of charge number 470-2006-01562 is attached hereto as Exhibit 1.

11.   On April 28, 2006, the EEOC issued a Dismissal and Notice of Rights to Plaintiff, giving him ninety (90) days from the date of receipt of the Dismissal and Notice of Rights to commence legal action. This lawsuit is being initiated within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights. A copy of Plaintiff's Dismissal and Notice of Rights is attached hereto as Exhibit 2.

### GENERAL FACTUAL ALLEGATIONS

12.   Defendant hired Plaintiff on or around February 14, 2005 for the position of Sales Associate at Store #51 located in LaPorte, Indiana.

13.   Plaintiff worked as a Sales Associate at Store #51 until his termination on December 14, 2005.

14.   At all relevant times Dan Arthur was Plaintiff's Store Manager.

15.   Plaintiff met or exceeded Defendant's legitimate performance expectations throughout his employment with Defendant.

16.   Plaintiff received a raise ninety (90) days after his date of hire.

17.   Plaintiff received a second raise one hundred twenty (120) days after his date of hire.

18.   Plaintiff earned the "Greeter of Month" award three (3) times during his employment with Defendant and received a twenty five ($25.00) gift card.

19.   On December 13, 2005, Plaintiff's Store Manager told Plaintiff that he had to meet with Mike Berrier, the Director of Operations, on December 14 at 9:00 a.m. at the corporate offices in Valparaiso, Indiana.

20.   On December 14, 2005, Plaintiff met with Mr. Berrier, the Director of Operations, and Cynthia Carlson, the Director of Human Resources at Defendant's corporate office.

21.   During the December 14 meeting, the Director of Human Resources, Cynthia Carlson, terminated Plaintiff for not conforming to male gender stereotypes.

22.   As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until the Court grants relief.

23.   Defendant acted with malice or reckless indifference to Plaintiff's civil rights thereby entitling him to punitive damages.

## COUNT I
### *(Title VII—Sex Discrimination)*

24.   Plaintiff realleges the above paragraphs as if fully set forth herein.

25.   Defendant terminated Plaintiff because of his sex and unlawful sex stereotypes in violation of Title VII of the Civil. Rights Act, as amended.

26.   As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until the Court grants relief.

27.   Defendant acted with malice or reckless indifference to Plaintiff's civil rights thereby entitling him to punitive damages.

**WHEREFORE,** Plaintiff Christopher Creed respectfully requests that this Court enter an Order:

A.   Ordering Defendant to make whole Plaintiff by reinstating him to his prior position;

B.   Awarding all lost wages and/or salary and other employment-related benefits that Plaintiff has sustained or will sustain as a result of Defendant's conduct;

C.   Awarding prejudgment interest;

D.   In the event the Court determines that an order requiring Defendant to reinstate Plaintiff to his former position is not feasible or appropriate, an award of front pay in an amount equal to the wages and/or salary and employment-related benefits that Plaintiff may reasonably be expected to lose after trial as a result of Defendant's unlawful conduct;

E.   Awarding compensatory damages in an amount to be determined by a jury to make the Plaintiff whole for the mental anguish, emotional distress and other non-pecuniary damages he has suffered because of Defendant's unlawful conduct;

F.   Awarding punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to the Plaintiff's rights and to deter others from similar conduct;

I.   Awarding the costs of maintaining this action, including an award of reasonable attorneys' fees; and

J.   Awarding all other relief proper in the premises.

Respectfully Submitted,

MACEY SWANSON AND ALLMAN

Kimberly D. Jeselskis
445 North Pennsylvania Street
Suite 401
Indianapolis, Indiana 46202
Phone: (317) 637-2345
Fax:    (317) 637-2369
kjeselskis@maceylaw.com


## TRIAL BY JURY

Plaintiff Christopher Creed demands a trial by jury on all issues to triable.


Respectfully Submitted,

MACEY SWANSON AND ALLMAN

Kimberly D. Jeselskis
445 North Pennsylvania Street
Suite 401
Indianapolis, Indiana 46202
Phone: (317) 637-2345
Fax:    (317) 637-2369
kjeselskis@maceylaw.com